**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YONG WANG, | No. 13-70285 |
| Petitioner, | Agency No. A087-721-686 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Yong Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We grant the petition for review and remand.

Substantial evidence does not support the agency's adverse credibility finding based on Wang's lack of familiarity with Christmas.  *See Ren v. Holder*, 648 F.3d 1079, 1088-89 (9th Cir. 2011); *see also Tekle v. Mukasey*, 533 F.3d 1044, 1052-55 (9th  Cir. 2008) (IJ mischaracterized the evidence).  Further, substantial evidence does not support the agency's adverse credibility determination based on the perceived inconsistencies regarding Sister Huo, and why Wang could not operate his business, *see Shrestha*, 590 F.3d at 1044 ("under the REAL ID Act, IJs must provide specific and cogent reasons in support of an adverse credibility determination") (internal quotations omitted), nor does it support the agency's finding based on the inconsistency regarding the purpose of Wang's trip to Indonesia, *see Ren*, 648 F.3d at 1086 ("to support an adverse credibility determination, an inconsistency must not be trivial and must have some bearing on the petitioner's veracity") (citation omitted).

Thus, we grant the petition for review as to Wang's asylum, withholding of removal, and CAT claims, and we remand this case to the BIA, on an open record,

for further proceedings consistent with this disposition. *See INS v. Ventura*, 537

U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089,

1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**